UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL A. WESCOTT,<br><br>    Plaintiff,<br><br>v.<br><br>BERESFORD CORPORATION, et al.,<br><br>    Defendants. | Case No. 22-cv-00067-JSC<br><br>**SCREENING ORDER PURSUANT TO 28 U.S.C. § 1915**<br><br>Re: Dkt. No. 1 |

Carl A. Wescott, who is proceeding without an attorney, filed this action against Calvin DOE, Tricia Lo, the Beresford Arms Hotel, and Beresford Corporation. The Court previously granted Wescott's application to proceed *in forma pauperis*. (Dkt. No. 5.)[1] It must now review the complaint's allegations under 28 U.S.C. § 1915.

## COMPLAINT ALLEGATIONS

Wescott is a resident of Arizona and bases his complaint on events that allegedly occurred during his stay at the Beresford Arms Hotel in San Francisco, California. Defendants are the Beresford Corporation, the Beresford Arms Hotel (the "Hotel"), and Hotel employees Calvin DOE and Tricia Lo. (Dkt. No. 1 ¶¶ 2-5.) Wescott alleges that during his stay at the Hotel in October of 2021, he raised unspecified safety concerns with Calvin DOE. In response, Calvin DOE twice called police to harass him, leading to illegal searches of his hotel room and belongings and his eventual expulsion from the Hotel. (*Id.* ¶¶ 19-31, 45-51.) As a result of the incident, Wescott maintains that he suffered the loss of belongings left behind in his hotel room when forced to leave and mental anguish and suffering. (*Id.* ¶¶ 49, 172.)

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

Wescott brings civil rights claims under 42 U.S.C. § 1983, the California Bane Act, and the California Constitution, and common law claims of larceny, conversion, negligence, negligent retention or supervision, negligent infliction of emotional distress (NIED), intentional infliction of emotional distress, and invasion of privacy.

**LEGAL STANDARD**

A court must dismiss an *in forma pauperis* complaint before service of process if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). The standard of review under 28 U.S.C. § 1915(e)(2) mirrors that of Federal Rule of Civil Procedure 12(b)(6). *See id.*; *see also Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000). Thus, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facial plausibility standard is not a "probability requirement" but mandates "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). To avoid dismissal, a complaint must contain more than "naked assertion[s]," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-57. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When a plaintiff files a complaint without being represented by a lawyer, the court must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (internal quotation marks and citation omitted).

A complaint must also comply with Federal Rule of Civil Procedure 8, which requires the complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Moss v. Infinity Ins. Co.*, No. 15-CV-03456-JSC, 2015 WL 5360294, at *2 (N.D. Cal. Sept. 14, 2015) (applying the Federal Rule of Civil Procedure 8 requirements to a proceeding *in forma pauperis*). "While the federal rules require brevity in pleading, a complaint nevertheless must be sufficient to give the defendants 'fair notice' of the claim and the 'grounds upon which it rests.'" *Coleman v. Beard*, No. 14-CV-05508-YGR (PR),

2

2015 WL 395662, at *4 (N.D. Cal. Jan. 29, 2015) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). A complaint that fails to identify a defendant's specific acts "that violated the plaintiff's rights fails to meet the notice requirements of Rule 8(a)." *Medina Chiprez v. Becerra*, No. 20-CV-00307-YGR (PR), 2020 WL 4284825, at *3 (N.D. Cal. July 27, 2020) (citing *Hutchinson v. United States*, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982)).

Wescott is proceeding without representation by a lawyer. While the Court must construe the complaint liberally, *see Garaux v. Pulley*, 739 F.2d 437, 439 (9th Cir. 1984), it may not add to the factual allegations in the complaint, *see Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Litigants unrepresented by a lawyer remain bound by the Federal Rules and Local Rules of this District. *See* N.D. Cal. Civ. L.R. 3-9(a).

## JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). As courts of limited jurisdiction, "federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331 and (2) diversity jurisdiction under 28 U.S.C. § 1332. Here, Wescott invokes federal question jurisdiction based upon alleged violations of federal constitutional law arising under 42 U.S.C. § 1983. (Dkt. No. 1 at 14-16, 34.) The Complaint pleads federal claims, so federal question jurisdiction exists at this stage.

## DISCUSSION

Wescott pleads ten causes of action under state and federal law. Three causes of action are civil rights claims, including violations of the Fourth, Fifth, and Fourteenth Amendments pursuant to 42 U.S.C. § 1983, the California Bane Act, and the California Constitution. His remaining causes of action are based on common law.

### I.     Civil Rights Claims

"Section 1983 provides a cause of action for 'the deprivation of any rights, privileges or immunities secured by the Constitution and laws' of the United States." *Wilder v. Va. Hosp.*

3

1   *Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  "Section 1983 is not itself a source
2   of substantive rights, but merely provides a method for vindicating federal rights elsewhere
3   conferred."  *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (cleaned up).  To state a claim under
4   42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the
5   Constitution or laws of the United States was violated, and (2) that the alleged violation was
6   committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A. First Cause of Action: Illegal Search

Wescott's first cause of action arises from Calvin DOE's request for law enforcement assistance.  According to Wescott, on the second night of his Hotel stay, he approached Calvin DOE at the front desk out of concern for his safety.  (Dkt. No. 1 ¶¶ 20-21.)  Calvin DOE responded by calling law enforcement "hoping [they] would arrest the Plaintiff, search [his] room, and/or kick [him] . . . out of the [] Hotel."  (*Id.* ¶ 23.)  San Francisco police officers responded to Calvin DOE's call and searched his room without a warrant or his consent and eventually kicked him out of the Hotel.  (*Id.* ¶ 24.)

This claim fails as pled.  Section 1983 applies to deprivations by persons acting under color of state law.  *West*, 487 U.S. at 48.  Thus, a private party may only be liable under 42 U.S.C. § 1983 if that party conspires with state officials to deprive others of constitutional rights.  *See Franklin v. Fox*, 312 F.3d 423, 445 (9th Cir. 2002) (holding that under the joint action test, "[a] plaintiff may demonstrate joint action by proving the existence of a conspiracy or by showing that the private party was 'a willful participant in joint action with the State or its agents'"); *Kimes v. Stone*, 94 F.3d 1121, 1126 (9th Cir. 1996).  Wescott makes vague allegations that Defendants conspired in carrying out their tortious conduct, (*see* Dkt. No. 1 ¶¶ 5-13), but fails to state any facts that plausibly suggest that Defendants were "willful participant[s] in joint action" with the responding San Francisco police officers.  *Franklin*, 312 F.3d at 445.  Nor does Plaintiff name any public official or entity as a defendant.  Therefore, Plaintiff fails to state a claim against the private Defendants.  *See Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989).

Wescott also bases this cause of action upon a violation of Article I, § 13 of the California Constitution.  Section 13 of the California Constitution prohibits unreasonable searches and

seizures. However, unlike 42 U.S.C. § 1983, no private right of action permitting the recovery of monetary damages exists under Section 13. "Neither the plain language of the article I, section 13, nor the available legislative history indicate an intent on behalf of the California Legislature to permit the recovery of monetary damages for its violation." *Manning v. City of Rohnert Park,* No. C 06-03435 SBA, 2007 WL 1140434, at *1 (N.D. Cal. Apr. 17, 2007); *see also Brown v. County of Kern*, No. 1:06-CV-00121OWWTAG, 2008 WL 544565, at *17 (E.D. Cal. Feb. 26, 2008) ("Plaintiff cannot bring a damages claim directly under Article I, Sections 7 or 13 of the California Constitution, in part because alternative statutory and/or common law causes of action are available to redress his grievances."); *Wigfall v. City & County of San Francisco*, No. C 06-4968 VRW, 2007 WL 174434, at *5-6 (N.D. Cal. Jan. 22, 2007) (providing a *Katzberg v. Regents of Univ. of Cal.*, 58 P.3d 339 (Cal. 2002) analysis on the availability of damages under Section 13).

Here, Wescott seeks monetary damages only. (*See* Dkt. No. 1 at 32-33.) Additionally, Wescott pleads causes of action under 42 U.S.C. § 1983 and California common law which provide for adequate remedies to redress his grievances. *See Brown*, 2008 WL 544565, at *17. Because alternative causes of action exist, which have been alleged, Wescott fails to state a claim under Article I, §13 of the California Constitution. Furthermore, because leave to amend the Section 13 claim would be futile, the Court gives Wescott leave to amend this claim with regards to the federal constitutional violations only. *See McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1099 (9th Cir. 2004).

### B. Second Cause of Action: Due Process

Wescott's second cause of action is also based upon Section 1983. According to Wescott, Defendants had a duty to not interfere with his freedom without due process and to preserve his personal property when "detained and threatened by law enforcement." (Dkt. No. 1 ¶¶ 115, 117.) Wescott appears uncertain if the responding police officers seized his personal property or if Defendants stole or disposed of it. (*See id.* ¶ 118.) Whatever the case, this claim fails for the same reasons detailed above. Wescott has not alleged facts that plausibly suggest that Defendants conspired with law enforcement in depriving Wescott's due process rights. Thus, Wescott fails to state a claim for relief under Section 1983.

Wescott also bases this cause of action upon a violation of Article I, § 7 of the California Constitution. Section 7 provides: "A person may not be deprived of life, liberty, or property without due process of law or denied equal protection of the laws." Like Article I, § 13 of the California Constitution, there is no private right of action for monetary damages under Article I, § 7. *See Katzberg v. Regents of Univ. of Cal.*, 58 P.3d 339, 352 (Cal. 2002) (no private right of action of the due process and equal protection clauses under California Constitution, Art. I, § 7(a)). Similar to Wescott's Section 13 claims, discussed above, pleading additional facts would not cure the infirmities of the Section 7 claim. *See Schwarzenegger*, 369 F.3d at 1099. Therefore, the Court gives Wescott leave to amend this claim with regards to the federal constitutional violations only.

**C. Third Cause of Action: Bane Act (Cal. Civ. Code § 52.1)**

The Bane Act, codified as California Civil Code § 52.1, "provides a cause of action for violations of a plaintiff's state or federal civil rights committed by 'threats, intimidation, or coercion.'" *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1105 (9th Cir. 2014) (citing Cal. Civ. Code § 52.1).

Wescott's Bane Act claim is predicated on two grounds: first, a Fourth Amendment unreasonable search; and second, interference of his right to quiet enjoyment of his hotel room. For Wescott's unreasonable search claim to be viable, involvement by a state actor acting under color of law is necessary. "In order for conduct by private parties to be deemed state action under the federal Constitution, the party charged with the deprivation [of a federal right] must be a person who may fairly be said to be a state actor." *Jones v. Kmart Corp*, 949 P.2d 941, 943 (Cal. 1998); *see also Jasso v. County of Los Angeles*, No. CV 14-09110-MWF (VBKx), 2015 WL 13916216, at *8 (N.D. Cal. Oct. 13, 2015) (discussing distinctions between actions taken "under color of state law" and the requisite "state action" needed in order to establish a private party's violation of the rights invoked). Wescott alleges that law enforcement "threaten[ed] to arrest [him] without citing a crime" after searching Wescott's room following Calvin DOE's first request for police assistance. (Dkt. No. 1 ¶¶ 24, 31.) Wescott then states that being threatened with arrest and jail time amounts to "further interfere[nce] with his civil liberties and his freedom and

6

1  liberty." (*Id.* ¶¶ 35, 123.) However, the claim fails for reasons mirroring Wescott's Section 1983
2  claims. The San Francisco police officers are not named as defendants and the factual allegations
3  do not plausibly support the existence of a conspiracy between Defendants and law enforcement or
4  otherwise suggest that Calvin DOE was a state actor. Therefore, Wescott fails to state a Bane Act
5  claim premised upon a Fourth Amendment violation.

6  As to Calvin DOE's alleged interference with the quiet enjoyment of his hotel room,
7  Wescott's Bane Act claim survives Section 1915 review under the coercion prong. Coercion is
8  defined as "the application to another of such force, either physical or moral, as to constrain him to
9  do against his will something he would not otherwise have done." *Meyers v. City of Fresno*, No.
10  CV F 10-2359 LJO SMS, 2011 WL 902115, at *7 (E.D. Cal. Mar. 15, 2011) (quoting *Ex Parte
11  Bell*, 122 P.2d 22, 43 (Cal. 1942)). "Some Federal Courts in California . . . have found that a
12  threat of arrest can constitute coercion even without a threat of violence. *Cuviello v. City of
13  Vallejo*, No. 16-cv-02584-KJM, KJN, 2020 WL 6728796, at *21 (E.D. Cal. Nov. 16, 2020).

14  The essence of Wescott's claim is that despite having a right to remain in his hotel room,
15  Calvin DOE "wanted to kick [] Plaintiff out [] or have him arrested," (Dkt. No. 1 ¶ 33), which
16  Calvin DOE accomplished by allegedly providing a false police report, (*id.* ¶ 25). Wescott arrives
17  at this conclusion because he claims none of the conditions permitting an innkeeper to expel a
18  hotel guest existed when Defendants had him expelled from the Hotel premises. (*Id.* ¶ 53.)
19  Wescott had fully paid for his room, had not damaged any property, and no guests had complained
20  about him. (*Id.* ¶ 54.)

21  *Zaiderman v. L.A. Cty. Metro. Transp. Auth.*, CV 20-2548 DSF (PCVx), 2020 WL
22  6048178 (C.D. Cal. Sept. 3, 2020) is instructive. In *Zaiderman*, the court rejected plaintiff's Bane
23  Act claim because, among other reasons, plaintiff's allegations "showed only that he might be
24  subjected to coercion by the police or MTA security" to expel him from an MTA bus, "not that he
25  was actually subjected to coercion simply because [the bus driver] may have called MTA security
26  or police." *Zaiderman*, 2020 WL 6048178, at *3. Unlike *Zaiderman*, Calvin DOE did call the
27  police and Wescott was eventually expelled from the hotel by the police. *Zaiderman* suggests
28  then, that actual state action to remove a person from a premises may be coercion under the Bane

7

Act and thus, sufficient to state a claim. *See Cuviello v. City and County of San Francisco*, 940 F. Supp. 2d 1071, 1103 (N.D. Cal. 2013) (finding a Bane Act claim was adequate when the plaintiffs alleged the defendants threatened them with arrest if they protested); *see also Cole v. Doe*, 387 F. Supp. 2d 1084, 1102 (N.D. Cal. 2005) (finding a Bane Act violation where officers stopped and detained the plaintiff in handcuffs until he consented to a search of his vehicle).

In sum, Wescott's Bane Act claim premised on Defendants' alleged interference with the quiet enjoyment of his hotel room survives Section 1915 review.

## II.     Common Law Claims

### A. Fourth Cause of Action: Conversion

"Conversion is the wrongful exercise of dominion over the property of another. The elements of a conversion claim are: (1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages." *Lee v. Hanley*, 354 P.3d 334, 344 (Cal. 2015). To state a claim for conversion, the plaintiff must allege facts supporting an inference that the defendant acted intentionally to wrongfully dispose of the property of another. *Duke v. Superior Court*, 226 Cal. Rptr. 3d 807, 820 (Cal. Ct. App. 2017).

Here, Wescott's allegations in support of his conversion claim survive the Court's Section 1915 review. Wescott alleges that he "had a possessory right to his personal property" which included "fifteen [] articles of clothing, some toiletries, some medication, [] 5 or 6 books [and] newspapers." (Dkt. No. 1 ¶¶ 49, 127). This satisfies the first element. The second element is satisfied by Wescott's allegations that Defendants intentionally dispossessed him of his property "by forcing him quickly out of the hotel" and taking those items for themselves or throwing them away. (*Id.* ¶¶ 128-29.) The third element is satisfied because Wescott claims to have suffered financial harm in having to replace those possessions. (*Id.* ¶ 87.)

However, California Civil Procedure Code § 341 may bar Wescott's conversion claim. Section 341a requires a civil action for the conversion of personal property alleged to have been left at a hotel to be filed within 90 days of the property owner's date of departure from the hotel. "The short statute of limitations requires aggrieved guests to promptly place the hotel on notice

1  permitting the hotel to promptly investigate the circumstances of the alleged loss." *Taylor v. Forte*
2  *Hotels Int'l*, 1 Cal. Rptr. 2d 189, 194 (Cal. Ct. App. 1991).  The statute of limitations is an
3  affirmative defense.  At this stage, Wescott is not required to plead that his claims fall within the
4  statute of limitations.  *See Aryeh v. Canon Bus. Sols., Inc.*, 292 P.3d 871, 874-75 (Cal. 2013).
5  Therefore, this claim complies with Rule 8.

### B. Fifth Cause of Action: Larceny

7  "In California all crimes are statutory and there are no common law crimes." *In re Brown*,
8  9 Cal. 3d 612, 624 (1973).  Larceny, codified at California Penal Code § 484(a), is a criminal, not
9  civil, offense.  *Jimenez v. Labor Bd. Oakland*, No. 17-cv-03322-JSC, 2017 WL 3142116, at *2
10  (N.D. Cal. July 25, 2017).  "When a criminal statute is violated, the question of whether to
11  prosecute and what criminal charges to file or bring are decisions vested in the discretion of a
12  prosecutor." *United States v. Batchelder,* 442 U.S. 114, 124 (1979).  Criminal statutes generally
13  do not provide any express private cause of action or other basis for civil liability, *see, e.g.*, *Aldabe*
14  *v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir. 1980) (explaining that 18 U.S.C. §§ 241 and 242 provide
15  no private right of action and cannot form basis for civil suit), and the Supreme Court has noted
16  that a private right of action under a criminal statute has rarely been implied.  *See Chrysler Corp.*
17  *v. Brown*, 441 U.S. 281, 316 (1979).  Because the prosecution of larceny resides within the
18  discretion of a prosecutor, and because research has not produced any cases recognizing a private
19  right of action based on larceny, the Court does not give Wescott leave to amend this claim since
20  amendment would be futile.  *See Schwarzenegger*, 369 F.3d at 1099.

### C. Sixth Cause of Action: Negligence

22  To state a negligence claim under California law, a plaintiff must allege a legal duty to use
23  due care; a breach of that duty; and an injury that was proximately caused by the breach. *See Ladd*
24  *v. County of San Mateo*, 911 P.2d. 496, 498 (Cal. 1996).  Here, Wescott states that, "as a paying
25  guest/customer at the [] Hotel, [he] was considered an 'invitee' or 'business invitee.'" (Dkt. No. 1
26  ¶ 136.)  Thus, the Hotel owed him a duty of reasonable care which they breached in at least two
27  respects: first, by failing to protect him "from harm caused by [] non-guests, including its own
28  employees" (*id.* ¶ 61); second, by failing to document and store his left-behind possessions (*id.* ¶¶

9

141-42).

Wescott's first negligence theory—that the Hotel failed to protect him from Defendant Calvin DOE's alleged harassment—is analyzed under his negligent retention or supervision claim, discussed below. Wescott's second negligence theory survives Section 1915 review.

When a guest departs from a hotel and leaves baggage behind, the hotel continues to be liable for a reasonable time to allow the guest to retrieve his property. *Pawn v. Wall*, 88 Cal. App. 597, 600 (Cal. Ct. App. 1928). The court in *Pawn* did not decide what constitutes a reasonable time nor has the Court's own research uncovered caselaw which supports the proposition that property left behind in a hotel room and subsequently thrown away or lost by the hotel rises to the level of negligence. However, at least one district court has found that a hotel's failure to safeguard property left behind in a hotel room survives the summary judgment phase. *See Conboy v. Wynn Las Vegas, LLC*, No. 2:11-CV-1659 JCM (CWH), 2012 WL 5511616, at *8 (D. Nev. Nov. 14, 2012). Therefore, the Court finds that Wescott's negligence claim survives Section 1915 review with respect to Defendants' failure to inventory his left-behind belongings.

**D. Seventh Cause of Action: Negligent Retention or Supervision**

To establish a successful cause of action for negligent supervision, a plaintiff must prove: (1) the existence of a legal duty of employer to employee to use due care; (2) how the defendant-employer breached that duty; (3) how any breach proximately caused plaintiff's damages; and (4) damages. *Love v. Motion Indus.,* 309 F. Supp. 2d 1128, 1138 (N.D. Cal. 2004). To impose vicarious liability on a supervising entity for negligent retention or supervision, a plaintiff must demonstrate that a supervisor's employee breached a duty. *See C.A. v. William S. Hart Union High Sch. Dist.*, 53 Cal. 4th 861, 865 (2012).

Wescott fails to state such a claim. The Complaint's one conclusory statement that Defendants knew or should have known that Calvin Doe or other Hotel employees "presented an unreasonable risk of harm to [] Hotel guests" (Dkt. No. 1 ¶ 147) is insufficient to state a negligent retention claim. *See Keum v. Virgin America, Inc.*, 781 F. Supp. 2d 944, 951 (N.D. Cal. Mar. 4, 2011) (holding that plaintiff's conclusory allegation that airline had advance knowledge of flight attendant's alleged violent tendencies did not support the negligent retention claim). As to

10

1   negligent supervision, the Complaint states that Defendant Tricia Lo is the current general
2   manager of the Hotel but does not indicate whether Tricia Lo was the general manager at the time
3   of the underlying events.  (*Id.* ¶ 4.)  The Complaint then confusingly alleges negligent supervision
4   on the part of Tricia Lo, "in his investigation, providing of information, and attempt to mitigate
5   and remedy (or lack thereof in all cases)," (*id.* ¶ 94), and also vaguely opines about whether
6   policies or procedures were observed or in place "to handle these scenarios" (*Id.* ¶ 93).  This lack
7   of clarity does not provide a short and plain statement showing that Wescott is entitled to relief.
8   Fed. R. Civ. P. 8.  Therefore, the Court gives Wescott leave to amend this claim.

### E. Eighth Cause of Action: Negligent Infliction of Emotional Distress

Wescott's eighth cause of action is premised on Defendants' failure to provide for his safety, to protect his personal property, and to protect him from their employees' negligence. (Dkt. No. 1 ¶¶ 166-67.)  However, in California, "there is no independent tort of negligent infliction of emotional distress.  The tort is negligence . . . ." *Potter v. Firestone Tire & Rubber Co.*, 863 P.2d 795, 807 (Cal. 1993).  Because Wescott's sixth cause of action (negligence) is predicated on the same grounds, the Court dismisses this claim as duplicative without leave to amend. *See M.M. v. Lafayette Sch. Dist.*, 681 F.3d 1082, 1091 (9th Cir. 2012) (holding that a district court has broad discretion to control its docket, including the power to dismiss duplicative claims); *see also Pour v. Wells Fargo Bank*, No. 20-cv-02447 SBA, 2020 WL 12893826, at *8 (N.D. Cal. Dec. 1, 2020) (dismissing as duplicative an NIED claim without leave to amend); *T.B. ex rel. G.B. v. Chico Unified Sch. Dist.*, No. 2:07-cv-926-GEB-CMK, 2008 WL 3836731, at *5 (E.D. Cal. Aug. 14, 2008) (dismissing NIED claim as separate cause of action because it is duplicative of negligence claim).

### F. Ninth Cause of Action: Intentional Infliction of Emotional Distress

"A cause of action for intentional infliction of emotional distress exists when there is extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; the plaintiff's suffering severe or extreme emotional distress; and actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Hughes v. Pair*, 109 P.3d 963, 976 (Cal. 2009).

### i. Extreme or Outrageous Conduct

"A defendant's conduct is 'outrageous' when it is so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Hughes*, 109 P.3d at 976. "Behavior may be considered outrageous if a defendant (1) abuses a relation or position which gives him power to damage the plaintiff's interest; (2) knows the plaintiff is susceptible to injuries through mental distress; or (3) acts intentionally or unreasonably with the recognition that the acts are likely to result in illness through mental distress." *Molko v. Holy Spirit Assn.*, 762 P.2d 46, 63 (Cal. 1988) (en banc), *superseded on other grounds by statute*. However, outrageous conduct does not include "mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Hughes*, 109 P.3d at 976.

Here, Calvin DOE's alleged fabrication of evidence to support the false police report may rise to the level of "extreme and outrageous conduct." *See Hadley v. Anaheim*, No. 8:18-cv-01831-DOC-KES, 2020 WL 5604024, at *15 (C.D. Cal. Sept. 18, 2020) (elaborate fabrication of purported heinous crime is the "sort of conduct no decent citizen should have to tolerate."). Furthermore, Calvin DOE's status as an employee of the Hotel places him in a position to damage Wescott's interest in remaining in his hotel room. Thus, the Complaint sufficiently alleges that Defendants' conduct was extreme and outrageous for purposes of surviving Section 1915 review.

### ii. Intentional/Reckless Conduct

To recover under a theory of intentional infliction of emotional distress, the defendant must have engaged in conduct "with the intention of causing, or reckless disregard of the probability of causing, emotional distress." *Hughes*, 109 P.3d at 976. Drawing all plausible inferences in Wescott's favor, the allegations of fabricated evidence to have Wescott arrested or ejected from the Hotel without valid reason and the loss of personal property suggests that Defendants acted with "reckless disregard of the probability of causing him emotional distress." *Id.* Thus, the Complaint also sufficiently alleges that Defendants engaged in conduct with reckless disregard for purposes of surviving Section 1915 review.

### iii. Severe or Extreme Emotional Distress

"With respect to the requirement that the plaintiff show severe emotional distress, [the

12

1    California Supreme Court] has set a high bar.  Severe emotional distress means emotional distress
2    of such substantial quality or enduring quality that no reasonable person in civilized society should
3    be expected to endure it." *Hughes*, 109 P.3d at 976; *see also id.* (allegation that the plaintiff
4    suffered "discomfort, worry, anxiety, upset stomach, concern, and agitation" was insufficient to
5    establish severe or extreme emotional distress).  Wescott also fails to satisfy this element.  He
6    provides only one conclusory statement that Defendants' breach of their duties of care "directly
7    resulted in feelings of emotional distress." (Dkt. No. 1 ¶ 171.)  *See W. Mining Council v. Watt*,
8    643 F.2d 618, 624 (9th Cir. 1981) (the court need not accept as true conclusory legal allegations
9    cast in the form of factual allegations).  Because Wescott fails to satisfy this element of his IIED
10   claim, the Court gives Wescott leave to amend this claim.

**G. Tenth Cause of Action: Invasion of Privacy**

California courts have recognized "four distinct forms of tortious invasion [of privacy]." *Johnson v. Harcourt, Brace, Jovanovich, Inc.*, 118 Cal. Rptr. 370, 375 (Cal. Ct. App. 1974). Included in this list is "intrusion upon the plaintiff's seclusion or solitude." *Id.* (citation omitted). This form of invasion of privacy has been described as "the right to be let alone." *Miller v. Nat'l Broad. Co.*, 232 Cal. Rptr. 668, 678 (Cal. Ct. App. 1986) (quoting *Gill v. Curtis Publ'g Co.*, 239 P.2d 630, 632 (Cal. 1952)).  This right to be let alone is relative. *Sanders v. Am. Broad. Cos.*, 978 P.2d 67, 72 (Cal. 1999).

The cause of action for invasion of privacy by intrusion has two elements: (1) intrusion into a private place, conversation, or matter, (2) in a manner highly offensive to a reasonable person. *Id.* at 71.  Under the first element, the plaintiff must allege that the defendant penetrated some zone of physical or sensory privacy surrounding, or obtained unwanted access to data about, the plaintiff. *Id.*  The tort claim is sufficiently alleged if the plaintiff had an objectively reasonable expectation of seclusion or solitude in the place, conversation, or data source. *Id.*  Courts have recognized a hotel occupant's legitimate expectation of privacy in their hotel room. *See, e.g.*, *Stoner v. California*, 376 U.S. 483, 490 (1964).

Here, Wescott's intrusion upon seclusion claim complies with Rule 8.  According to Wescott, he incurred the intrusion upon his seclusion "[a]s a direct result of the acts of Calvin

13

DOE," (Dkt. No. 1 ¶¶ 181-82), which includes calling the police and providing them with a key to Wescott's hotel room (*id.* ¶¶ 27-28, 30). The Complaint also states that Wescott had fully paid for the hotel room and had yet to complete his stay. (*Id.* ¶¶ 20, 48.) This is sufficient to establish that Wescott had a reasonable expectation of privacy in the hotel room. *See, e.g.*, *United States v. King*, 560 F. Supp. 2d 906, 914 (N.D. Cal. 2008) (finding, in the Fourth Amendment context, that a hotel room still registered in defendant's name and from which defendant had yet to check out was sufficient to establish an expectation of privacy); *see also Sierra v. Desert Palace, Inc.*, No. 2:12-CV-230-JAD-CWH, 2014 WL 4796938, at *5 (D. Nev. Sept. 26, 2014) (denying summary judgment of tort of intrusion claim because defendants' "not entirely anticipated" entry into plaintiffs' hotel room while plaintiffs were asleep was a question of fact). Therefore, this claim survives Section 1915 review.

Wescott also bases his invasion of privacy claim on "the potential public disclosure of private facts [accessible] from his laptop and cell phones (left in [the] room during the [] search)." (Dkt. No. 1 ¶ 182.) To state a claim for publication of private facts, a plaintiff must allege "(1) public disclosure (2) of a private fact (3) which would be offensive and objectionable to the reasonable person, and (4) which is not of legitimate public concern." *Shulman v. Group W Prods.*, 955 P.2d 469, 478 (Cal. 1998). However, because Wescott does not set forth any facts to suggest that any private facts about him have been publicized, Wescott fails to state a claim under this theory. "Liability for the common-law [public disclosure] tort requires publicity." *Ignat v. Yum! Brands, Inc.*, 154 Cal. Rptr. 3d 275, 285 (Cal. Ct. App. 2013); *see also Hill v. Nat'l Collegiate Athletic Ass'n*, 865 P.2d 633, 648-49 (Cal. 1994) ("[C]ommon law invasion of privacy by public disclosure of private facts requires that the actionable disclosure be widely published and not confined to a few persons or limited circumstances.").

In sum, only Wescott's invasion of privacy claim by intrusion survives Section 1915 review. Therefore, the Court gives Wescott leave to amend his public disclosure claim.

## CONCLUSION

For the reasons described above, the Complaint as pleaded complies only in part with Rule 8. The causes of action that survive Section 1915 review include conversion, the Bane Act claim

based on Defendants' alleged interference with Wescott's right to be in his hotel room, negligence for failure to inventory left behind property, and invasion of privacy by intrusion.  The causes of action that are insufficient and dismissed with leave to amend include: both 42 U.S.C. § 1983 claims based on federal constitutional violations; the Bane Act claim based on the Fourth Amendment violation; negligent retention or supervision; intentional infliction of emotional distress; and invasion of privacy by public disclosure of private facts.  The causes of action which are insufficiently plead and dismissed without leave to amend include the 42 U.S.C. § 1983 claims based on California Constitution violations, larceny, and negligent infliction of emotional distress.

If Wescott chooses to amend, the Court recommends that he: set forth the complaint's allegations in separate numbered paragraphs; set forth each legal claim in a separate numbered paragraph; and identify each factual allegation that supports each claim for relief.  Additionally, Wescott is informed that the Court cannot refer to prior pleadings in order to make an amended complaint complete.  The amended complaint must be complete in itself because it replaces the previously filed complaints.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Accordingly, the amended complaint should contain all the defendants, claims, and specific factual allegations that Wescott wishes to put before the Court**. Any amended complaint must be filed by May 6, 2022.**

If Wescott chooses not to file an amended complaint, the Court will order service of the complaint based upon the claims that were not dismissed.

The Court encourages Wescott to seek free assistance from the Northern District's Legal Help Center, 450 Golden Gate Avenue, 15th Floor, Room 2796, San Francisco, CA 94102.  In light of the ongoing COVID-19 pandemic, Wescott should make a telephone appointment by calling (415) 782-8982 and emailing fedpro@sfbar.org.

**IT IS SO ORDERED.**

Dated: April 8, 2022

_____
JACQUELINE SCOTT CORLEY
United States District Judge

15